IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | |
|---|---|
| ISELA MEJIA MENDEZ, § | |
| Reg. No. 39915-380, § | |
| Movant, § | |
| § | EP-16-CV-410-DCG |
| v. § | EP-14-CR-1007-DCG-4 |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

# MEMORANDUM OPINION AND ORDER

Isela Mejia Mendez ("Mejia") seeks a sentence reduction through a motion under 28 U.S.C. § 2255 (ECF No. 459).[1] Mejia was sentenced to 108 months' imprisonment after she pleaded guilty to conspiracy to possess with the intent to distribute cocaine. Mejia asks the Court to resentence her in accordance with Amendment 794 to the Sentencing Guidelines, based on her "minor role" in the offense and in light of *United States v. Quintero–Leyva*.[2]

Because it plainly appears from the record that Mejia is not entitled to relief, the Court will deny her motion. The Court will additionally deny her a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

From January 2008 to May 2014, law enforcement officers associated with the El Paso Field Division Strike Force in El Paso, Texas, investigated a drug-trafficking organization led by

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-14-CR-1007-DCG-4. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] Mot. to Vacate 1, Sept. 12, 2016, ECF No. 459 (citing *United States v. Quintero–Leyva*, 823 F.3d 519, 524 (9th Cir. 2016).

Oscar Elias Morales-Gonzales.[3] The officers determined, through confidential sources and telephone intercepts, that Mejia coordinated the importation and delivery of cocaine from Juarez, Mexico, to El Paso, Texas, on at least twelve occasions. The officers seized of 84 kilograms of cocaine attributable to Mejia's conduct during the course of their investigation.

A grand jury returned a multi-count indictment charging Mejia and others with various drug-trafficking offenses. Mejia's attorney successfully negotiated a plea agreement with the Government. Under its terms, Mejia agreed to plead guilty to conspiracy to possess with the intent to distribute more than five kilograms of cocaine. She "also voluntarily and knowingly waive[d] the right to contest the sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. § 2255."[4] In exchange, the Government agreed to move for the dismissal of the remaining counts of the indictment.

The probation officer who prepared the presentence investigation report recommended a two-level upward adjustment to Mejia's base offense level due to her role as "an organizer, leader, manager, or supervisor."[5] Based upon a total offense level of 35 and a criminal history category of I, the probation officer calculated her guideline imprisonment range at 168 months to 210 months.[6] Mejia's attorney objected to the upward adjustment.[7] The Government agreed

---

[3] Plea Agreement 8-12 (Factual Basis), Dec. 1, 2014, ECF No. 211 (sealed).

[4] *Id.* at 5.

[5] Presentence Investigation Report ¶ 77, Mar. 19, 2015, ECF No. 320 (sealed).

[6] *Id.* at ¶ 106.

[7] Letter from Gary Joel Hill, Mar. 19, 2015, ECF No. 320-3 (sealed).

that Mejia was merely following the instructions of her abusive husband, "thus making her role neutral and also eligible for a two level reduction for safety valve."[8]

The Court determined the facts did not warrant an upward adjustment as an organizer, leader, manager, or supervisor, but did not give Mejia a "minor role" downward adjustment. It sentenced Mejia at the bottom of the revised guidelines range to 108 months' imprisonment followed by five years' non-reporting supervised release. Mejia did not appeal.

In her § 2255 motion, Mejia asks the Court to retroactively apply Amendment 794 to the Sentencing Guidelines and grant a "minor role" downward adjustment to her sentence.

## APPLICABLE LAW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"[9] Relief under § 2255 is warranted for errors that occurred at trial or at sentencing.[10] Before a court will grant relief pursuant to § 2255, the movant must establish that (1) her "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral

---

[8] Letter from Jose Luis Acosta, Mar. 19, 2915, ECF No. 320-4 (sealed).

[9] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[10] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

attack."[11] Ultimately, the movant bears the burden of establishing her claims of error by a preponderance of the evidence.[12] "If it plainly appears from the motion ... and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ..."[13]

## ANALYSIS

In her § 2255 motion, Mejia asks the Court to vacate her sentence because it "does not reflect the relief awarded to those offenders having a 'minor role.'"[14] She claims she "was a mere 'peon' in the entire scheme, and was deserving of consideration" under Amendment 794 to the United States Sentencing Guidelines.[15] She explains that the United States Sentencing Commission modified the commentary to Sentencing Guideline § 3B1.2 through Amendment 794 to address "a sentencing disparity" among the courts in the application of the Guideline and to provide the courts with additional guidance in determining whether they should grant "minor role" adjustments.[16] She cites the Ninth Circuit Court of Appeals opinion in *United States v.*

---

[11] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[12] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

[13] 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b) (2012); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence–and not necessarily direct evidence–that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[14] Mot. to Vacate 1, Sept. 12, 2016, ECF No. 459.

[15] *Id.* at 2.

[16] *Id.*

*Quintero–Leyva* to support her assertion that the Court should "consider the factors set forth under [Sentencing Guideline] § 3B1.2" and reduce her sentence.[17]

The Court finds Mejia is not entitled to § 2255 relief for four reasons.

First, Mejia correctly notes the United States Sentencing Commission modified the commentary to Sentencing Guideline § 3B1.2 through Amendment 794 to address inconsistencies in the application of the guideline and to provide the district courts with additional guidance in determining whether they should grant "minor role" adjustments to defendants.[18] However, the Court sentenced Mejia on August 11, 2015,[19] nearly three months before Amendment 794 became effective on November 1, 2015.[20] The Sentencing Guidelines list all amendments eligible for retroactive effect.[21] If an amendment is not listed, a retroactive sentence reduction is not authorized.[22] The list does not include Amendment 794.[23]

---

[17] *Id.* at 1 (citing *United States v. Quintero–Leyva*, 823 F.3d 519, 524 (9th Cir. 2016) ("Amendment 794 applies retroactively in direct appeals. We reverse and remand for re-sentencing so the district court can consider the factors now listed in amended § 3B1.2. On remand, the district court 'should consider' the factors identified in Amendment 794: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity.").

[18] U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794 (U.S. SENTENCING COMM'N 2015).

[19] J., Aug. 11, 2015, ECF No. 433.

[20] U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794 (U.S. SENTENCING COMM'N 2015).

[21] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(d) (U.S. SENTENCING COMM'N 2015).

[22] *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) ("[18

Second, in *Quintero–Leyva*, the Court of Appeals for the Ninth Circuit held that "Amendment 794 applies retroactively in *direct* appeals" in the Ninth Circuit.[24] *Quintero–Leyva* did not make Amendment 794 retroactively applicable to cases on direct appeal or on collateral review under § 2255 in the Fifth Circuit.

Third, Mejia "voluntarily and knowingly waive[d] the right to contest the sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. § 2255."[25] She does not now challenge the plea agreement by suggesting it was neither informed nor voluntary. "[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief."[26]

Finally, "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."[27] Thus, a district court's failure to apply the modified commentary to Sentencing Guideline § 3B1.2 to determine whether to grant a "minor role" downward adjustment to a base offense level would not implicate a constitutional issue.

It plainly appears from Mejia's motion and the record of prior proceedings that she is not entitled to § 2255 relief.

---

U.S.C.] 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. ... The applicable policy statement is [Sentencing Guideline] § 1B1.10.") (citing *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996)).

[23] *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(d) (U.S. SENTENCING COMM'N 2015).

[24] *United States v. Quintero–Leyva*, 823 F.3d 519, 524 (9th Cir. 2016) (emphasis added).

[25] Plea Agreement 5, Dec. 1, 2014, ECF No. 211 (sealed).

[26] *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

[27] *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

## EVIDENTIARY HEARING

A motion brought pursuant to § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[28] The record in this case is adequate to dispose fully and fairly of Mejia's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[29] "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[30] In cases where a district court rejects a movant's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[31] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[32] Here, Mejia's motion fails because she has not identified

---

[28] See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[29] 28 U.S.C. § 2253(c)(1)(B).

[30] Id. § 2253(c)(2).

[31] Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to a certificate of appealability determination in the context of § 2255 proceedings).

[32] Slack, 529 U.S. at 484.

a transgression of her constitutional rights. Accordingly, the Court finds that it should not grant Mejia a certificate of appealability.

## CONCLUSION AND ORDERS

Therefore, the Court concludes it should deny Mejia's § 2255 motion, and dismiss her civil cause without a hearing, because it plainly appears from her motion and the record of prior proceedings that she is not entitled to § 2255 relief.[33] The Court further concludes that Mejia is not entitled to a certificate of appealability.[34] The Court, therefore, enters the following orders:

**IT IS ORDERED** that Mejia's motion under 28 U.S.C. § 2255 (ECF No. 459) is **DENIED**, and her civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that she is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 4th day of October, 2016.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[33] *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[34] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").